UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION; BOSTON SCIENTIFIC SCIMED, INC.; BOSTON SCIENTIFIC LIMITED; AND ENDOVASCULAR TECHNOLOGIES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>COOK, INC.; WILSON-COOK MEDICAL, INC.; COOK MEDICAL INC.; COOK IRELAND LTD.; COOK GROUP, INC.; TAEWOONG MEDICAL CO., LTD.; STANDARD SCI-TECH INC.; ENDOCHOICE, INC.; AND SEWOON MEDICAL CO., LTD.<br><br>Defendants. | CIVIL ACTION NO. 10-11646<br><br>**DEMAND FOR JURY TRIAL** |

## FIRST AMENDED COMPLAINT

Boston Scientific Corporation ("BSC"); Boston Scientific Scimed, Inc. ("BSSI"); Boston Scientific Limited ("BSL"); and EndoVascular Technologies, Inc. ("EVT") (collectively hereinafter "Plaintiffs") bring this complaint for patent infringement against Defendants Cook, Inc.; Wilson-Cook Medical, Inc.; Cook Medical Inc.; Cook Ireland Ltd.; Cook Group, Inc.; Taewoong Medical Co., Ltd.; Standard Sci-Tech Inc.; EndoChoice, Inc.; and Sewoon Medical Co., Ltd. (collectively hereinafter "Defendants"). Cook, Inc.; Wilson-Cook Medical, Inc.; Cook Medical Inc.; Cook Ireland Ltd.; and Cook Group, Inc. are hereinafter collectively referred to as the "Cook Defendants." Taewoong Medical Co., Ltd. is hereinafter referred to as the "Taewoong Defendant." Standard Sci-Tech Inc.; EndoChoice, Inc.; and Sewoon Medical Co., Ltd. are hereinafter collectively referred to as the "Standard Sci-Tech Defendants."

## NATURE OF ACTION

1.  In this action, Plaintiffs allege that Defendants infringe United States Patent Nos. 6,007,574 ("'574 Patent"); 6,309,415 ("'415 Patent"); 7,160,323 ("'323 Patent"); 7,419,502 ("'502 Patent"); 7,419,503 ("'503 Patent"); 7,736,386 ("'386 Patent"); 7,763,068 ("'068 Patent"); 6,533,810 ("'810 Patent"); and 6,818,015 ("'015 Patent"). Plaintiffs further allege that the Cook Defendants infringe U.S. Patent No. 5,876,448 ("'448 Patent") under 35 U.S.C. § 271.

## PARTIES

### Plaintiffs

2.  Plaintiff BSC is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 1 Boston Scientific Pl., Natick, MA 01760. BSC is one of the world's leading medical device companies. Among other things, BSC offers endoscopy products for the treatment of diseases of the digestive system, including stents and delivery devices such as WallFlex® stent and delivery devices. BSC is the owner by assignment of the '810 and '015 Patents, and BSC is the sole distributor of endoscopy products in the United States for BSSI and for BSL.

3.  Plaintiff BSSI is a corporation organized and existing under the laws of the state of Minnesota with a principal place of business at One Scimed Place, Maple Grove, MN 55311. BSSI is a wholly owned subsidiary of BSC. BSSI is the owner by assignment of the '448 Patent.

4.  BSL is a corporation organized and existing under the laws of Ireland with a principal place of business at Ballybrit Business Park, Galway, Ireland. BSL is a wholly owned subsidiary of BSC. BSL is an exclusive licensee of the '574, '415, '323, '502, '503, '386, and '068 Patents.

5.  Plaintiff EVT is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 4100 Hamline Avenue North, St. Paul, MN

55112.  EVT is a wholly owned subsidiary of BSC.  EVT is the owner by assignment of the '574, '415, '323, '502, '503, '386, and '068 Patents.

## Cook Defendants

6.      Upon information and belief, Defendant Cook, Inc. is a corporation organized under the laws of Indiana, with a principal place of business at 750 N. Daniels Way, Bloomington, Indiana 47402-0489.

7.      Upon information and belief, Defendant Wilson-Cook Medical, Inc. is a corporation organized under the laws of North Carolina, with a principal place of business at 4900 Bethania Station Road, Winston-Salem, North Carolina 27115.  Upon information and belief, Wilson-Cook Medical, Inc. does business as Cook Endoscopy.

8.      Upon information and belief, Defendant Cook Medical Inc. is a corporation organized under the laws of Indiana, with a principal place of business at 1025 W. Acuff Road, Bloomington, Indiana 47402-4195.

9.      Upon information and belief, Defendant Cook Ireland Ltd. is a corporation organized under the laws of Ireland, with a principal place of business at O'Halloran Road, National Technology Park, Limerick, Ireland.

10.     Upon information and belief, Defendant Cook Group, Inc. is a corporation organized under the laws of Indiana, with a principal place of business at 750 N. Daniels Way, Bloomington, Indiana 47404-9120.

11.     Upon information and belief, the Cook Defendants individually or collectively make, use, offer for sale, sell in the U.S., and/or import into the U.S. endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as EVOLUTION® stents and delivery devices.

**Taewoong Defendant**

12.     Upon information and belief, the Taewoong Defendant is a corporation organized under the laws of the Republic of Korea, with a principal place of business at 610, Ilsan Techno-Town, 114-1, Backsuk-Dong, Ilsan-Ku, Goyang-Si, Kyunggi-Do, South Korea 411-360.

13.     Upon information and belief, the Taewoong Defendant makes, uses, offers for sale, sells in the U.S. and/or imports into the U.S. endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as NITI-S™ stents and delivery devices.

**Standard Sci-Tech Defendants**

14.     Upon information and belief, Defendant Standard Sci-Tech Inc. is a corporation organized under the laws of the Republic of Korea, with a principal place of business at Suite 202, 236-7 YongDu-Dong, DongDaeMun-Gu, Seoul, South Korea 130-070.

15.     Upon information and belief, Defendant EndoChoice, Inc. is a corporation organized under the laws of Georgia, with a principal place of business at 11800 Wills Road, Suite 100, Alpharetta, Georgia 30009.

16.     Upon information and belief, Defendant Sewoon Medical Co., Ltd. is a corporation organized under the laws of the Republic of Korea, with a principal place of business at 344-14 Dorim-Ri, Ipjang-Myeon, Cheonan-Si, Chungcheongnam-Do, South Korea.

17.     Upon information and belief, the Standard Sci-Tech Defendants individually or collectively make, use, offer for sale, sell in the U.S., and/or import into the U.S. endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as BONASTENT® stents and delivery devices.

## JURISDICTION AND VENUE

18. This is an action for patent infringement arising under the patent laws of the United States, United States Code, 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19. This Court has personal jurisdiction over each of the Defendants. The Defendants have conducted and do conduct business within the Commonwealth of Massachusetts. Upon information and belief, Defendants, directly or through intermediaries (including sales agents and others), use, offer for sale, sell, import, or distribute to others for such purposes, endoscopy products for the treatment of diseases of the digestive system, including stents and delivery devices, in the United States and the Commonwealth of Massachusetts.

20. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b), as *inter alia* the Defendants are subject to personal jurisdiction in this district and a substantial part of the events giving rise to the claims occurred in this district.

## COUNT I:   INFRINGEMENT OF U.S. PATENT NO. 6,007,574

21. Plaintiffs incorporate by reference paragraphs 1 - 20 as if fully set forth herein.

22. On December 28, 1999, the Patent Office duly and legally issued U.S. Patent No. 6,007,574 ("the '574 Patent"), entitled "Stent," to S.A. Pulnev, A.V. Karev, and S.V. Schukin as the inventors.

23. Upon information and belief, the Cook Defendants individually or collectively are and have engaged in activities that infringe the '574 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as EVOLUTION stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

24.     Upon information and belief, the Taewoong Defendant is and has engaged in activities that infringe the '574 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as NITI-S stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

25.     Upon information and belief, the Standard Sci-Tech Defendants individually or collectively are and have engaged in activities that infringe the '574 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as BONASTENT stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

26.     As a result of the Defendants' infringement of the '574 Patent, Plaintiffs BSC, BSL, and EVT have suffered, and continue to suffer, damages.

27.     As a result of the Defendants' infringement of the '574 Patent, Plaintiffs BSC, BSL, and EVT have been irreparably injured.  Unless such infringing acts are enjoined by this Court, Plaintiffs will suffer further irreparable injury.

## COUNT II:    INFRINGEMENT OF U.S. PATENT NO. 6,309,415

28.     Plaintiffs incorporate by reference paragraphs 1 - 27 as if fully set forth herein.

29.     On October 30, 2001, the Patent Office duly and legally issued U.S. Patent No. 6,309,415 ("the '415 Patent"), entitled "Stent," to S.A. Pulnev, A.V. Karev, and S.V. Schukin as the inventors.

30.     Upon information and belief, the Cook Defendants individually or collectively are and have engaged in activities that infringe the '415 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as EVOLUTION stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

31.     Upon information and belief, the Taewoong Defendant is and has engaged in activities that infringe the '415 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as NITI-S stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

32.     Upon information and belief, the Standard Sci-Tech Defendants individually or collectively are and have engaged in activities that infringe the '415 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as BONASTENT stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

33.     As a result of the Defendants' infringement of the '415 Patent, Plaintiffs BSC, BSL, and EVT have suffered, and continue to suffer, damages.

34.     As a result of the Defendants' infringement of the '415 Patent, Plaintiffs BSC, BSL, and EVT have been irreparably injured. Unless such infringing acts are enjoined by this Court, Plaintiffs will suffer further irreparable injury.

## COUNT III:   INFRINGEMENT OF U.S. PATENT NO. 7,160,323

35. Plaintiffs incorporate by reference paragraphs 1 - 34 as if fully set forth herein.

36. On January 9, 2007, the Patent Office duly and legally issued U.S. Patent No. 7,160,323 ("the '323 Patent"), entitled "Method for Reconstructing Body Lumens," to S.A. Pulnev, A.V. Karev, and S.V. Schukin as the inventors.

37. Upon information and belief, the Cook Defendants individually or collectively are and have engaged in activities that infringe the '323 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as EVOLUTION stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

38. Upon information and belief, the Taewoong Defendant is and has engaged in activities that infringe the '323 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as NITI-S stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

39. Upon information and belief, the Standard Sci-Tech Defendants individually or collectively are and have engaged in activities that infringe the '323 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as BONASTENT stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

40. As a result of the Defendants' infringement of the '323 Patent, Plaintiffs BSC, BSL, and EVT have suffered, and continue to suffer, damages.

41. As a result of the Defendants' infringement of the '323 Patent, Plaintiffs BSC, BSL, and EVT have been irreparably injured.  Unless such infringing acts are enjoined by this Court, Plaintiffs will suffer further irreparable injury.

### COUNT IV:   INFRINGEMENT OF U.S. PATENT NO. 7,419,502

42. Plaintiffs incorporate by reference paragraphs 1 - 41 as if fully set forth herein.

43. On September 2, 2008, the Patent Office duly and legally issued U.S. Patent No. 7,419,502 ("the '502 Patent"), entitled "Stent," to S.A. Pulnev, A.V. Karev, and S.V. Schukin as the inventors.

44. Upon information and belief, the Cook Defendants individually or collectively are and have engaged in activities that infringe the '502 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as EVOLUTION stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

45. Upon information and belief, the Taewoong Defendant is and has engaged in activities that infringe the '502 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as NITI-S stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

46. Upon information and belief, the Standard Sci-Tech Defendants individually or collectively are and have engaged in activities that infringe the '502 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as BONASTENT stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

47. As a result of the Defendants' infringement of the '502 Patent, Plaintiffs BSC, BSL, and EVT have suffered, and continue to suffer, damages.

48. As a result of the Defendants' infringement of the '502 Patent, Plaintiffs BSC, BSL, and EVT have been irreparably injured.  Unless such infringing acts are enjoined by this Court, Plaintiffs will suffer further irreparable injury.

## COUNT V:   INFRINGEMENT OF U.S. PATENT NO. 7,419,503

49. Plaintiffs incorporate by reference paragraphs 1 - 48 as if fully set forth herein.

50. On September 2, 2008, the Patent Office duly and legally issued U.S. Patent No. 7,419,503 ("the '503 Patent"), entitled "Stent," to S.A. Pulnev, A.V. Karev, and S.V. Schukin as the inventors.

51. Upon information and belief, the Cook Defendants individually or collectively are and have engaged in activities that infringe the '503 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as EVOLUTION stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

52. Upon information and belief, the Taewoong Defendant is and has engaged in activities that infringe the '503 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as NITI-S stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

53. Upon information and belief, the Standard Sci-Tech Defendants individually or collectively are and have engaged in activities that infringe the '503 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as BONASTENT stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

54. As a result of the Defendants' infringement of the '503 Patent, Plaintiffs BSC, BSL, and EVT have suffered, and continue to suffer, damages.

55. As a result of the Defendants' infringement of the '503 Patent, Plaintiffs BSC, BSL, and EVT have been irreparably injured. Unless such infringing acts are enjoined by this Court, Plaintiffs will suffer further irreparable injury.

### COUNT VI:   INFRINGEMENT OF U.S. PATENT NO. 7,736,386

56. Plaintiffs incorporate by reference paragraphs 1 - 55 as if fully set forth herein.

57. On June 15, 2010, the Patent Office duly and legally issued U.S. Patent No. 7,736,386 ("the '386 Patent"), entitled "Stent," to S.A. Pulnev, A.V. Karev, and S.V. Schukin as the inventors.

58. Upon information and belief, the Cook Defendants individually or collectively are and have engaged in activities that infringe the '386 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as EVOLUTION stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

59. Upon information and belief, the Taewoong Defendant is and has engaged in activities that infringe the '386 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as NITI-S stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

60. Upon information and belief, the Standard Sci-Tech Defendants individually or collectively are and have engaged in activities that infringe the '386 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as BONASTENT stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

61. As a result of the Defendants' infringement of the '386 Patent, Plaintiffs BSC, BSL, and EVT have suffered, and continue to suffer, damages.

62. As a result of the Defendants' infringement of the '386 Patent, Plaintiffs BSC, BSL, and EVT have been irreparably injured.  Unless such infringing acts are enjoined by this Court, Plaintiffs will suffer further irreparable injury.

**COUNT VII:   INFRINGEMENT OF U.S. PATENT NO. 7,763,068**

63. Plaintiffs incorporate by reference paragraphs 1 - 62 as if fully set forth herein.

64. On July 27, 2010, the Patent Office duly and legally issued U.S. Patent No. 7,763,068 ("the '068 Patent"), entitled "Stent," to S.A. Pulnev, A.V. Karev, and S.V. Schukin as the inventors.

65. Upon information and belief, the Cook Defendants individually or collectively are and have engaged in activities that infringe the '068 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as EVOLUTION stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

66. Upon information and belief, the Taewoong Defendant is and has engaged in activities that infringe the '068 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as NITI-S stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

67. Upon information and belief, the Standard Sci-Tech Defendants individually or collectively are and have engaged in activities that infringe the '068 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as BONASTENT stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

68. As a result of the Defendants' infringement of the '068 Patent, Plaintiffs BSC, BSL, and EVT have suffered, and continue to suffer, damages.

69. As a result of the Defendants' infringement of the '068 Patent, Plaintiffs BSC, BSL, and EVT have been irreparably injured. Unless such infringing acts are enjoined by this Court, Plaintiffs will suffer further irreparable injury.

### COUNT VIII:   INFRINGEMENT OF U.S. PATENT NO. 6,533,810

70. Plaintiffs incorporate by reference paragraphs 1 - 69 as if fully set forth herein.

71. On March 18, 2003, the Patent Office duly and legally issued U.S. Patent No. 6,533,810 ("the '810 Patent"), entitled "Conical Stent," to S. Hankh, M. Gianotti, and E. Hofmann as the inventors.

72. Upon information and belief, the Cook Defendants individually or collectively are and have engaged in activities that infringe the '810 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as EVOLUTION stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

73. Upon information and belief, the Taewoong Defendant is and has engaged in activities that infringe the '810 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as NITI-S stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

74. Upon information and belief, the Standard Sci-Tech Defendants individually or collectively are or have engaged in activities that infringe the '810 Patent by making, using,

offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as BONASTENT stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

75. As a result of the Defendants' infringement of the '810 Patent, Plaintiff BSC has suffered, and continues to suffer, damages.

76. As a result of Defendants' infringement of the '810 Patent, Plaintiff BSC has been irreparably injured. Unless such infringing acts are enjoined by this Court, Plaintiff BSC will suffer further irreparable injury.

### COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 6,818,015

77. Plaintiffs incorporate by reference paragraphs 1 - 76 as if fully set forth herein.

78. On November 16, 2004, the Patent Office duly and legally issued U.S. Patent No. 6,818,015 ("the '015 Patent"), entitled "Conical Stent," to S. Hankh, M. Gianotti, and E. Hofmann as the inventors.

79. Upon information and belief, the Cook Defendants individually or collectively are and have engaged in activities that infringe the '015 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as EVOLUTION stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

80. Upon information and belief, the Taewoong Defendant is and has engaged in activities that infringe the '015 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as NITI-S stents and delivery devices, in the

United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

81. Upon information and belief, the Standard Sci-Tech Defendants individually or collectively are or have engaged in activities that infringe the '015 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including, but not limited to, stents and related delivery systems such as BONASTENT stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

82. As a result of the Defendants' infringement of the '015 Patent, Plaintiff BSC has suffered, and continues to suffer, damages.

83. As a result of Defendants' infringement of the '015 Patent, Plaintiff BSC has been irreparably injured. Unless such infringing acts are enjoined by this Court, Plaintiff BSC will suffer further irreparable injury.

### COUNT X:    INFRINGEMENT OF U.S. PATENT NO. 5,876,448

84. Plaintiffs incorporate by reference paragraphs 1 - 83  as if fully set forth herein.

85. On March 2, 1999, the United States Patent and Trademark Office ("Patent Office") duly and legally issued U.S. Patent No. 5,876,448 ("the '448 Patent"), entitled "Esophageal Stent," to R.J. Thompson, J.E. Laptewicz, Jr., and P.J. Thompson as the inventors.

86. Upon information and belief, the Cook Defendants individually or collectively are and have engaged in activities that infringe the '448 Patent by making, using, offering to sell, selling and/or importing endoscopy products for the treatment of diseases of the digestive system, including but not limited to stents and delivery systems such as EVOLUTION stents and delivery devices, in the United States, and/or by actively inducing and/or contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

87. As a result of the Cook Defendants' infringement of the '448 Patent, Plaintiffs BSC and BSSI have suffered, and continue to suffer, damages.

88. As a result of the Cook Defendants' infringement of the '448 Patent, Plaintiffs BSC and BSSI have been irreparably injured. Unless such infringing acts are enjoined by this Court, Plaintiffs will suffer further irreparable injury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) a declaration that Defendants infringe U.S. Patent Nos. 6,007,574; 6,309,415; 7,160,323; 7,419,502; 7,419,503; 7,736,386; 7,763,068; 6,533,810; and 6,818,015 and that the Cook Defendants further infringe U.S. Patent No. 5,876,448 and a final judgment incorporating same;

(b) entry of permanent equitable relief, including, but not limited to, a permanent injunction that enjoins Defendants and any of their officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing and/or inducing or contributing to infringement of U.S. Patent Nos. 6,007,574; 6,309,415; 7,160,323; 7,419,502; 7,419,503; 7,736,386; 7,763,068; 6,533,810; 6,818,015; and 5,876,448.

(c) an award of damages sufficient to compensate Plaintiffs for infringement of U.S. Patent Nos. 6,007,574; 6,309,415; 7,160,323; 7,419,502; 7,419,503; 7,736,386; 7,763,068; 6,533,810; 6,818,015; and 5,876,448 by Defendants, together with prejudgment and post-judgment interest;

(d) a judgment holding that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiffs reasonable attorneys' fees, costs, and expenses; and

(e) such other relief deemed just and proper.

## **JURY DEMAND**

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury of all issues so triable by a jury in this action.

DATED:  December 2, 2010                         Respectfully submitted,


/s/ Denise W. DeFranco
Denise W. DeFranco (BBO No. 558859)
Kia L. Freeman (BBO No. 643467)
Matthew Van Eman (BBO No. 671722)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142-1215
E-mail address:  denise.defranco@finnegan.com
Telephone: (617) 452-1600
Facsimile:  (617) 452-1666

J. Michael Jakes
Leslie I. Bookoff
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue NW
Washington, DC 20001-4413
E-mail address:   mike.jakes@finnegan.com
Telephone: (202) 408-4000
Facsimile:  (202) 408-4400

**Attorneys for Plaintiffs**
**BOSTON SCIENTIFIC CORPORATION**
**BOSTON SCIENTIFIC SCIMED, INC.**
**BOSTON SCIENTIFIC LIMITED**
**ENDOVASCULAR TECHNOLOGIES, INC.**