# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION; BOSTON SCIENTIFIC SCIMED, INC.; BOSTON SCIENTIFIC LIMITED; AND ENDOVASCULAR TECHNOLOGIES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>COOK, INC.; WILSON-COOK MEDICAL, INC.; COOK MEDICAL INC.; COOK IRELAND LTD.; COOK GROUP, INC.; TAEWOONG MEDICAL CO., LTD.; STANDARD SCI-TECH INC.; ENDOCHOICE, INC.; AND SEWOON MEDICAL CO., LTD.<br><br>Defendants. | CIVIL ACTION NO. 10-11646 |

## PLAINTIFFS' ANSWER TO COUNTERCLAIMS OF DEFENDANT COOK MEDICAL INC.

Boston Scientific Corporation ("BSC"); Boston Scientific Scimed, Inc. ("BSSI"); Boston Scientific Limited ("BSL"); and EndoVascular Technologies, Inc. ("EVT") (collectively, "Plaintiffs") hereby respond to Defendant Cook Medical Inc.'s ("Cook Medical") counterclaims, filed on January 7, 2011, as follows:

## NATURE OF ACTION

1.      Plaintiffs deny that Cook Medical does not infringe any valid claims of U.S. Patent Nos. 6,007,574; 6,309,415; 7,160,323; 7,419,502; 7,419,503; 7,736,386; 7,763,068; 6,533,810; 6,818,015; and 5,876,448 (collectively "the Patents-in-Suit"). Plaintiffs admit the remaining allegations in the first three sentences in Paragraph 1 of Cook Medical's counterclaims.

## JURISDICTION AND VENUE

2. Plaintiffs admit the allegations in Paragraph 2 of Cook Medical's counterclaims.

3. Plaintiffs admit the allegations in Paragraph 3 of Cook Medical's counterclaims.

4. Plaintiffs admit the allegations in Paragraph 4 of Cook Medical's counterclaims.

## PARTIES

5. Plaintiffs admit the allegations in Paragraph 5 of Cook Medical's counterclaims.

6. Plaintiffs admit the allegations in Paragraph 6 of Cook Medical's counterclaims.

7. Plaintiffs admit the allegations in Paragraph 7 of Cook Medical's counterclaims.

8. Plaintiffs admit the allegations in Paragraph 8 of Cook Medical's counterclaims.

9. Plaintiffs admit the allegations in Paragraph 9 of Cook Medical's counterclaims.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Invalidity)**

10. To the extent it constitutes an allegation, Plaintiffs deny the heading allegation preceding paragraph 10 of Cook Medical's counterclaims. Plaintiffs repeat and incorporate by reference their answers to Paragraphs 1 - 9 of Cook Medical's counterclaims, as if fully set forth herein.

11. Plaintiffs admit the allegations in Paragraph 11 of Cook Medical's counterclaims.

12. Plaintiffs admit that Cook Medical seeks a judicial determination regarding the validity of the Patents-in-Suit but otherwise deny the allegations of Paragraph 12 of Cook Medical's counterclaims.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Non-infringement)**

13. To the extent it constitutes an allegation, Plaintiffs deny the heading allegation preceding paragraph 13 of Cook Medical's counterclaims. Plaintiffs repeat and incorporate by reference their answers to Paragraphs 1 - 12 of Cook Medical's counterclaims, as if fully set forth herein.

14. Plaintiffs admit the allegations in Paragraph 14 of Cook Medical's counterclaims.

15. Plaintiffs admit that Cook Medical seeks a judicial determination regarding infringement of the Patents-in-Suit but otherwise deny the allegations of Paragraph 15 of Cook Medical's counterclaims.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Unenforceability for Inequitable Conduct)

16. To the extent it constitutes an allegation, Plaintiffs deny the heading allegation preceding paragraph 16 of Cook Medical's counterclaims. Plaintiffs repeat and incorporate by reference their answers to Paragraphs 1 - 15 of Cook Medical's counterclaims, as if fully set forth herein.

17. Plaintiffs admit that Cook Medical seeks a judicial determination regarding the enforceability of U.S. Patent Nos. 6,007,574; 6,309,415; 7,160,323; 7,419,502; 7,419,503; 7,736,386; and 7,763,068 but otherwise deny the allegations of Paragraph 17 of Cook Medical's counterclaims.

18. Plaintiffs admit that U.S. Patent Application No. 08/860,462 ("the '462 application") matured into U.S. Patent No. 6,007,574 ("the '574 Patent") and claimed priority to PCT/RU94/00292 ("the PCT application"), filed on December 23, 1994, which claimed priority to Russian Patent Application No. 93058166 ("the Russian application"), filed on December 28,

1993.  Plaintiffs admit that the named inventors of the '574 Patent are S. A. Pulnev, A. V. Karev, and S. V. Schukin and that these individuals are the named inventors in the PCT and Russian applications.  Plaintiffs admit that on June 27, 1997, attorney J. Bennett Mullinax submitted application papers claiming priority from the PCT application, an English translation of the PCT application, fee payment, and a Petition for Revival Under 37 C.F.R. § 1.137(b) ("the Petition") to the U.S. Patent and Trademark Office ("USPTO") on behalf of the applicants for the '462 application ("Applicants").  Plaintiffs admit that the Petition requested revival of the '462 application and stated: "The delay to prosecute said application was unintentional.  Abandonment occurred for failure to timely enter the U.S. National Phase of PCT prosecution by 28 June 1996.  This Petition is filed within one year of the date on which the application became abandoned."  Plaintiffs admit that on November 24, 1997, the USPTO dismissed the Petition without prejudice "because an acceptable English language translation of the international application [] was not furnished" with the application papers filed on June 27, 1997.  Plaintiffs admit that Mr. Mullinax filed a Renewed Petition Under 37 C.F.R. § 1.137(b) ("the Renewed Petition") on January 22, 1998, which included an English translation of "the international application as filed and as published by WIPO (WO95/17859)."  Plaintiffs admit that on May 11, 1998, the USPTO granted the Renewed Petition and thereafter recognized Applicants' claim for priority to the PCT and Russian applications.  Plaintiffs admit that an executed Declaration was submitted with the application papers on June 27, 1997.  Plaintiffs admit that the submitted Declaration indicates that it was executed by S. A. Pulnev on June 14, 1996, by A. V. Karev on June 14, 1996, and by S. V. Schukin on June 6, 1996.

    Plaintiffs admit that Applicants filed a European national phase application (EP Application No. 95905819.9 "the European application") with the European Patent Office,

through their European counsel, D. H. Stringer of W. P. Thompson & Co., on July 24, 1996. Plaintiffs admit that the European application claimed priority to the PCT application.

Plaintiffs admit that 35 U.S.C. § 371(b) states that "[s]ubject to subsection (f) of this section, the national stage shall commence with the expiration of the applicable time limit under article 22 (1) or (2), or under article 39 (1)(a) of the [PCT] treaty." The remaining allegations in Paragraph 18 with respect to the interpretation of 35 U.S.C. § 371(b) and its application to the '462 patent, are legal conclusions to which no answer is required. Plaintiffs admit that the PCT application published on July 6, 1995. That "the PCT application would have been anticipatory prior art to the '462 application under 35 U.S.C. § 102(b)" is a legal conclusion, to which no response is required.

Plaintiffs deny the remaining allegations in Paragraph 18.

## DEMAND FOR JUDGMENT

Plaintiffs deny that Cook Medical is entitled the judgment requested.

## JURY DEMAND

Plaintiffs admit that Cook Medical demands a jury trial on all issues so triable.

DATED:  January 28, 2011 Respectfully submitted,

/s/ Denise W. DeFranco
Denise W. DeFranco (BBO No. 558859)
Kia L. Freeman (BBO No. 643467)
Matthew Van Eman (BBO No. 671722)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142-1215
E-mail address:  denise.defranco@finnegan.com
Telephone: (617) 452-1600
Facsimile:  (617) 452-1666

J. Michael Jakes
Leslie I. Bookoff
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue NW
Washington, DC 20001-4413
E-mail address:   mike.jakes@finnegan.com
Telephone: (202) 408-4000
Facsimile:  (202) 408-4400

**Attorneys for Plaintiffs**
**BOSTON SCIENTIFIC CORPORATION**
**BOSTON SCIENTIFIC SCIMED, INC.**
**BOSTON SCIENTIFIC LIMITED**
**ENDOVASCULAR TECHNOLOGIES, INC.**

# **CERTIFICATE OF SERVICE**

I, Denise W. DeFranco, an attorney of record in this matter, certify that on January 28, 2011, I caused a copy of the foregoing document:

PLAINTIFFS' ANSWER TO COUNTERCLAIMS OF
DEFENDANT COOK MEDICAL INC.

to be filed by electronic filing (ECF), which provides service to counsel of record by email.

/s/ Denise W. DeFranco
Denise W. DeFranco (BBO No. 558859)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142-1215
E-mail address:  denise.defranco@finnegan.com
Telephone: (617) 452-1600
Facsimile:  (617) 452-1666

**Attorney for Plaintiffs**
**BOSTON SCIENTIFIC CORPORATION**
**BOSTON SCIENTIFIC SCIMED, INC.**
**BOSTON SCIENTIFIC LIMITED**
**ENDOVASCULAR TECHNOLOGIES, INC.**